## PARKER v. TIERS and others.[1]

*(District Court, E. D. Pennsylvania. February 4, 1887.)*

CARRIERS—OF GOODS—CONTRACT TO FURNISH CARGO—BREACH—DAMAGES.

    A. contracted with B., a ship-master, to furnish him a cargo "of about 150 tons of bones." He furnished 106 tons, but failed to supply the remainder. In an action by B. against A., for damages for breach of contract, *held*, that 5 tons was a fair allowance, and that B. was entitled to recover what he would have made by carrying the additional 39 tons.

In Admiralty.

*Theodore M. Etting*, for libelant.

*F. S. Brown*, for respondent.

BUTLER, J. By the contract, respondent undertook to furnish a cargo *"of about 150 tons"* of bones, and the libelant undertook to carry this number of tons. There was no express stipulation where they should be stored, but it seems to have been contemplated that, after filling the hold, the balance should be placed on deck. The contention by respondent that the libelant, when loading, claimed that he was only to receive what could be stored in the *hold*, and refused to receive more, is not sustained by the proofs. It is true that Mr. Fitch swears to this, but his testimony is met by that of the master, who, although not called after Mr. Fitch had testified, nor in anticipation or with knowledge of what this witness would say, swears to facts wholly inconsistent with Mr. F.'s testimony. All the material circumstances of the case, bearing on the subject, also, are irreconcilable with Mr. Fitch's testimony. At the very time when this witness (whose miscalculation, or mistake, caused the litigation) says the libelant refused to take more bones, the libelant was protesting in writing against the violation of his contract in not furnishing the 150 tons. From the beginning to the end the libelant's conduct was consistent with the position that he expected to carry this quantity, and with no other. It is impossible, therefore, to avoid the conclusion that Mr. Fitch is mistaken, or unreliable.

If the respondent had furnished 145 tons, I would hold that the terms of the contract had been complied with. I am inclined to think that a materially greater shortage than this would not be allowable. He furnished 106, and must be held responsible for failure to furnish the balance of 145, to-wit, 39. The libelant's damages are therefore what he would have made by carrying this additional quantity according to the terms of the contract.

A decree will be entered accordingly.

[1]Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.